# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-20446

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2013

Lyle W. Cayce
Clerk

GREGORY K. PEACOCK,

Plaintiff-Counter Defendant –
Appellant Cross-Appellee

v.

CARPEDIA INTERNATIONAL, LIMITED,

Defendant-Counter Claimant –
Appellee Cross-Appellant

MARK FOLLOWS; PETER FOLLOWS,

Defendants – Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-2273

Before STEWART, Chief Judge, and JOLLY and SMITH, Circuit Judges.

PER CURIAM:*

The plaintiff, Gregory Peacock, appeals the district court's grant of summary judgment to the defendant Carpedia International ("Carpedia"), and the district court's dismissal of Peacock's claims against Mark and Peter

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20446

Follows (collectively, the "Followses") for lack of personal jurisdiction. Carpedia cross-appeals the district court's grant of summary judgment to Peacock on Carpedia's counterclaims. Because the district court committed no reversible errors, we AFFIRM the judgment of the district court.

I.

Carpedia is a Canadian consulting firm that works with client companies to improve the client's cash flow. The Followses are both employed by Carpedia – Mark as a director and Peter as President. Carpedia also employs a number of sales executives who meet with potential clients with the goal of establishing an ongoing client relationship. These sales executive are compensated partially through commissions that are calculated based on the amount of revenue they generate for Carpedia.

In 2006, Peacock and the Followses began discussions about Peacock potentially joining Carpedia as a sales executive. After some initial phone conversations, Carpedia paid for Peacock to fly to its headquarters in Ontario for an interview. After the interview, Carpedia offered Peacock a job in Texas where Peacock would attempt to establish a market for Carpedia.

Peacock accepted the employment offer and entered into an employment agreement with Carpedia (the "Employment Agreement"). The Employment Agreement stated, among other things, that employment was at-will; that Peacock would not rely on any oral promises from Carpedia; that compensation would be unpredictable and highly variable; and that sales results were Peacock's responsibility. Throughout his employment, Peacock periodically received a document (the "Decision Matrix") that laid out the schedule of commissions – that is, dictating what commission percentage a sales executive would earn in various scenarios.

No. 12-20446

In 2008, Peacock threatened to resign. Peacock complained that he was not paid enough and that he was not being supplied with enough first meetings with prospective clients. Instead of abandoning its investment in the Texas market, Carpedia capitulated to Peacock's demands and increased his fixed salary to $270,000 per year, an increase of nearly $100,000.

In March 2010, Peacock announced his resignation, effective April 9th, and immediately sought a severance package from Carpedia. In mid-April, Carpedia provided Peacock with a proposed Agreement and General Release (the "Proposed Release"). In return for Peacock releasing his claims against Carpedia, the Proposed Release called for Carpedia to pay Peacock his full April salary, plus an additional amount. By the end of April, Peacock had not responded to the Proposed Release. Nonetheless, Carpedia deposited the remainder of Peacock's April salary in his bank account. On May 5th, Peacock brought this suit in Texas state court.

## II.

In his complaint, Peacock alleged that Carpedia breached the Employment Agreement by failing to pay Peacock commissions he had earned and by failing to set up the number of meetings with potential clients required by the Employment Agreement. Carpedia removed the case to federal court, answered Peacock's claims, and filed counterclaims. Specifically, Carpedia claimed that Peacock must return the portion of his April salary which was paid at the end of the month and alleged that Peacock had fraudulently induced Carpedia to hire him by misrepresenting his experience and employment history. Peacock then amended his complaint to include claims against the Followses alleging that they had fraudulently induced Peacock to enter into the Employment Agreement by knowingly overstating Carpedia's ability to generate meetings with potential clients. Peacock later filed a second

3

No. 12-20446

amended complaint at the instruction of the court to provide more factual allegations regarding his fraud claim.

Both parties filed a round of Rule 12 motions, which the district court denied. Limited discovery ensued. Peacock then filed a motion to extend the discovery deadline so that he could depose a former Carpedia employee. While this discovery motion was pending, the parties filed competing summary judgment motions. In response to Carpedia's motion for summary judgment, Peacock filed a Rule 56(d) motion, again arguing that he needed time to depose the former Carpedia employee. The magistrate judge – to whom the case had been referred for the resolution of the ongoing discovery disputes – denied Peacock's motion to extend the discovery deadline and Peacock's Rule 56(d) motion.

The district judge then resolved both sides' summary judgment motions, dismissing all claims advanced by the parties for affirmative relief and dismissing the claims against the Followses for lack of personal jurisdiction. The district court entered a final judgment to this effect. Peacock then brought this appeal challenging the dismissal of his claims and the denial of his discovery motions. Carpedia cross-appealed challenging the dismissal of its counterclaims against Peacock.

III.

After extensively reviewing the briefing of the parties, the record, and the opinion of the district court, we conclude that the district court committed no reversible errors in disposing of the parties' claims. Accordingly, the judgment of the district court is

AFFIRMED.